IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BALOISE INSURANCE COMPANY, LTD., | : | No.  4:CV 06-0192 |
| Plaintiff, | : | Judge Jones |
| v. | : | |
| K.L. HARRING d/b/a K.L. HARRING TRANSPORTATION AND WAREHOUSING, | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### May 11, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court Defendant, K.L. Harring, d/b/a K.L. Harring Transportation and Warehousing's Motion to Dismiss Counts II and III of the Complaint Pursuant to Rule 12(b)(6) ("the Motion")(doc. 10) filed on March 17, 2006.

For the following reasons, the Motion (doc. 10) will be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY:

On January 26, 2006, Plaintiff Baloise Insurance Company, Ltd. ("Plaintiff" or "Baloise") filed a three-count complaint against Defendant K.L. Harring d/b/a K.L. Harring Transportation and Warehousing ("Defendant" or "K.L. Harring") in

1

the United States Court for the Middle District of Pennsylvania.  (Rec. Doc. 1).  In

the complaint Plaintiff alleges that Bayer, Plaintiff's insured, and Defendant entered

into a contract in which Defendant agreed to transport pharmaceuticals from

Bayer's facility in Myerstown, Pennsylvania to Mechanicsburg, Pennsylvania.

Plaintiff further alleges that on March 16, 2005 ("March shipment") and April 21,

2005 ("April shipment"), Defendant received shipments of pharmaceuticals from

Bayer at Bayer's Myerstown, Pennsylvania facility and that Defendant did not

deliver either shipment to their intended destinations.

In Count I of the complaint, Plaintiff alleges that Defendant breached its

contractual obligations as a carrier, and that Defendant's actions were a "material

deviation from the agreed contract terms."  (Rec. Doc. 1 at 5).  In Count II of the

complaint, Plaintiff alleges that Defendant "willfully, intentionally, recklessly or

negligently and/or with gross negligence failed to exercise a proper degree of care"

in relation to the March and April shipments.  (Rec. Doc. 1 at 6).   In Count III of

the complaint, Plaintiff alleges that Defendant had a duty of care as a bailee of

Bayer's goods, and that Defendant breached its obligations by negligently failing to

deliver the March and April shipments.

**<u>STANDARD OF REVIEW</u>**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a

2

court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

The Defendant moves this Court to dismiss Counts II and III of the complaint.    In doing so, it argues that Counts II and III must be dismissed pursuant to the economic loss and 'gist of the action' doctrines. We will consider the application of each cited doctrine in turn.

The heart of the economic loss doctrine is that, absent physical injury to person or tangible property, one may not recover in tort for purely economic losses, because otherwise, the requisite injury needed to recover in tort would

3

become irrelevant and the differences between tort and contract theories would be indistinguishable.  See Palco Linings, Inc. v. Pavex, Inc., 755 F. Supp. 1278, 1279 n.1 (M.D. Pa. 1990)(Caldwell, J.)  See Duquense Light Co. v. Westinghouse, 66 F.3d 604, 618 (3d Cir. 1995).  The rationale of the economic loss doctrine is that tort law is not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement.  See Palco Linings, 755 F. Supp at 1276. The quintessential form of economic loss is lost profits.  See 2-J Corp. v. Tice, 126 F.3d 539, 542 (3d Cir. 1997).

There are three situations in which the economic loss doctrine will not be applied: (1) where the plaintiff has sustained personal injury or property damage resulting from a "sudden or dangerous" occurrence[1]; (2) where the plaintiff's damages are proximately caused by the defendant's intentional, false misrepresentation; and (3) where the plaintiff's damages are proximately caused by the defendant's negligent misrepresentation where the defendant is in the business of supplying information to guide others in their business transactions.  See Muirfield Village-Vernon Hills, LLC v. Reinke, 349 Ill. App. 3d 178, 192 (2004)(citing In re Chicago Flood Litigation, 176 Ill. 2d 179, 199 (1997)).  The

---

[1] Plaintiff argues that the economic loss doctrine should not be applied because the "theft of cargo, like all robberies, is sudden and dangerous."  Plaintiff does not cite any case law to support this position and therefore we do not find this argument meritorious.

economic loss doctrine also does not apply to damage to "other property."  See 2-J Corp., 126 F.3d 539 (3d Cir. 1997).

The Defendant contends that the Plaintiff's alleged damages resulted only from the Defendant's alleged breach of the pharmaceutical shipment contract, and as a result, Plaintiff's right of recovery from the alleged losses of the March and April shipments is purely contractual.  The Defendant submits that since Plaintiff has not made any claim of personal injury or damage to other property, Plaintiff's damages are solely economic and therefore Counts II and III are barred by the economic loss doctrine.

The Defendant cites 2-J Corp v. Tice to support its position.  In 2-J Corp., the issue was whether a commercial purchaser or a pre-engineered warehouse may recover in tort from the manufacturer of the warehouse for damage to the warehouse's contents when the warehouse collapsed.  The plaintiff had contracted with Tice to construct a warehouse to house its goods and Tice contracted with Jewell to purchase the pre-engineered structure.  The supports for the roof assembly failed, causing the collapse of the warehouse's roof and exterior walls. The warehouse was destroyed, and the inventory and other items that the plaintiff stored in the warehouse were also destroyed.  The plaintiff filed negligence, products liability and breach of contract claims against Jewell, seeking to recover

damages for the contents of the warehouse.  Jewell argued that the plaintiff's tort claims were barred by the economic loss doctrine.  The Court of Appeals for the Third Circuit held that the economic loss doctrine did not bar recovery for the *contents* of the warehouse, as the contents represented damage to "other property." 126 F.3d at 544.

We agree with the Defendant's assertion that the cargo here at issue was not "other property" because it was the very subject of the contract itself, and therefore recovery for damage to the property is barred by the economic loss doctrine.  The Plaintiff is seeking to recover for the loss of the cargo, not other property, in Counts II and III.  Accordingly, we find that because the economic loss doctrine prevents the Plaintiff from recovering in tort for a breach of a contractual duty and because the cargo was not "other property," Counts II and III will be dismissed.

The Defendant further argues that Counts II and III are barred by the "gist of the action" doctrine, and therefore must be dismissed.      Pursuant to the "gist of the action" doctrine, claims arising from contractual obligations "and not by the larger social policies embodied by the law of tort," cannot be plead as tort claims. See Harold v. McGann, 406 F. Supp. 2d. 562, 576 (E.D. Pa. 2005).      Simply put, "plaintiffs may not recast ordinary breach of contract claims into tort claims." Harold, 406 F. Supp. 2d at 577.

The Defendant argues that Plaintiff attempts to convert a contract action into a tort action by alleging that the Defendant's conduct was willful, intentional and reckless, negligent and/or grossly negligent. Defendant further argues that the obligations of the parties are defined by the contract and that the Plaintiff cannot state a tort claim against the Defendant for breach of contractual duties.

It is apparent to this Court that the Plaintiff is attempting to do exactly what the 'gist of the action' doctrine prohibits, that is, Plaintiff is attempting to recast a breach of contract claim as a tort claim. The Plaintiff and the Defendant contracted for the shipment of goods, and it appears that since the goods did not reach their intended destination, that a breach of the contract occurred. The rights and obligations of the parties are embodied in the contract, and the Plaintiff's remedy lies in contract, not tort. Accordingly, Counts II and III are barred by the 'gist of the action' doctrine and for that reason also they will be dismissed.

Therefore, for the foregoing reasons, the Motion (doc. 10) will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Defendant, K.L. Harring, d/b/a K.L. Harring Transportation and Warehousing's Motion to Dismiss Counts II and III of the Complaint Pursuant to Rule 12(b)(6) (doc. 10) is GRANTED.

2.      Count II and Count III of the complaint are DISMISSED.


s/ John E. Jones III
John E. Jones III
United States District Judge