IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BALOISE INSURANCE COMPANY, LTD., | : | No. 4:CV 06-0192 |
| Plaintiff, | : | Judge Jones |
| v. | : | |
| K.L. HARRING d/b/a K.L. HARRING TRANSPORTATION AND WAREHOUSING, | : | |
| Defendant. | : | |

## ORDER

### May 24, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 10, 2006, Plaintiff, Baloise Insurance Company, LTD.'s filed a Motion to File Sur-Reply Memorandum to Address Cases Cited for the First Time by Defendant in its Reply Memorandum (doc. 22)("the Motion"). On May 11, 2006, this Court entered an Memorandum and Order (doc. 23) granting the Defendant's Motion to Dismiss Counts II and III of the Complaint Pursuant to Rule 12(b)(6). (Rec. Doc. 10).

In light of the fact that we did not consider Plaintiff's instant Motion prior to rendering the May 11, 2006 Memorandum and Order (doc. 23), we will construe the instant Motion as a motion to reconsider the May 11, 2005

1

Memorandum and Order.

**STANDARD OF REVIEW**:

Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, 2001 WL 1609761, at *9 (E.D. Pa. 2001).

## **DISCUSSION**:

Plaintiff filed the instant Motion to address cases that the Defendant discussed in its reply brief (doc. 21) to the Motion to Dismiss. Particularly, Plaintiff desired to respond to cases from other jurisdictions that the Defendant cited in support of its argument that the economic loss doctrine barred Counts II and III of the complaint.

First, Plaintiff argues that Defendant has misplaced reliance on the Florida-law based case of Perfumeria Ultra S.A. de C.V. v. Miami Customs Service, Inc., 231 F. Supp. 2d 1218 (S.D. Fla. 2002) to support is argument that the theft of cargo is not a 'sudden or dangerous occurrence' that falls under an exception to the economic loss doctrine: Notably, however, in our May 11, 2006 Memorandum and Order, we did not consider Perfumeria when disposing of Plaintiff's argument that it should be protected by the 'sudden and dangerous occurrence' exception to the economic loss doctrine.

Plaintiff further argues that we should consider Illinois case law that has held that the theft of property is always deemed 'sudden and dangerous' because Pennsylvania's economic loss doctrine is derived from Illinois law, and therefore find that Plaintiff is protected by this exception to the economic loss doctrine. However, our review of the cases cited in Plaintiff's brief in opposition (doc. 20)

3

to the Motion to Dismiss once again confirms that the Plaintiff does not cite a case to directly support its argument, and therefore we do not find this argument meritorious.

Second, Plaintiff argues that the case of <u>Saratoga Fishing Co. v. J.M. Maritime & Co.</u>, 520 U.S. 875 (1997) is not applicable because it is grounded in admiralty law. Again, a review of the May 11, 2006 Memorandum and Order reveals that we did not cite <u>Saratoga</u> in our reasoning, nor did we consider it in our analysis of the application of the economic loss doctrine to the instant action. To be sure, as we explained exhaustively in the May 11, 2006 Memorandum and Order, the cargo is simply not "other property," but is rather the property itself, and the economic loss doctrine is applicable.

Finally, Plaintiff attempts to reargue that the 'gist of the action' doctrine does not apply in the instant action. However, as we clearly held in the May 11, 2006 Memorandum and Order, the Plaintiff and the Defendant contracted for the shipment of goods, and it appears that since the goods did not reach their intended destination, that a breach of the contract occurred. The rights and obligations of the parties are embodied in the contract, and accordingly the Plaintiff's remedy lies in contract, not tort. Plaintiff's strained and rather abtruse arguments, made in an effort to inflate its cause to one sounding in tort, are not persuasive.

Accordingly, we will deny the Plaintiff's instant Motion (doc. 22) that as noted we have construed as a motion for reconsideration of our May 11, 2006 Memorandum and Order granting the Defendant's Motion to Dismiss Counts II and III of the complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff, Baloise Insurance Company, LTD.'s Motion to File Sur-Reply Memorandum to Address Cases Cited for the First Time by Defendant in its Reply Memorandum (doc. 22) is DENIED.

John E. Jones III
United States District Judge